UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADDONES SPENCER, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CAUSE NO. 1:12-CV-364 RM |
| v. | ) |
| | ) |
| CITY OF FORT WAYNE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Addones Spencer, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983. Mr. Spencer alleges that he was offered a low settlement offer in his personal injury lawsuit pending in State court under cause number 02D01-1108-CT-397. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, the court must dismiss a complaint if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Four of these five defendants are electric utilities. Mr. Spencer gives no indication that any of them are acting under color of state law. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, *N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Even if the four electric utilities were acting under color of state law, they didn't deprive Mr. Spencer of a federal constitutional right. There simply is no federal constitutional right to a settlement offer in a civil lawsuit.

The fifth defendant is the City of Fort Wayne. It acts under color of state law, but because there is no constitutional right to a settlement offer, it didn't deprive Mr. Spencer of anything when tendered its low offer. Mr. Spencer alleges that the low settlement offer was motivated by "racial discrimination and profiling by usage [of] my criminal history as a punishment . . .." ECF 1 at 3. He hasn't alleged any factual basis from which a

discriminatory animus could be plausibly inferred. In a § 1983 discrimination case, a plaintiff must allege that the defendant "acted or failed to act with a nefarious discriminatory purpose, and discriminated against [the plaintiff] because of her membership in a definable class" McPhaul v. Board of Com'rs of Madison County, 226 F.3d 558, 564 (7th Cir. 2000) (citations, quotation marks and brackets omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly, 550 U.S. at 555 (quotation marks omitted). It isn't plausible that any of these defendants are liable to Mr. Spencer based on the settlement offer they made to him in his personal injury lawsuit. This complaint states that the personal injury lawsuit is scheduled for mediation on January 8, 2013. There is nothing unusual about low settlement offers before mediation. Indeed, there is nothing uncommon about low settlement offers during and after mediation.

This complaint doesn't state a claim, but more than that, it appears to be nothing more than a malicious attempt to harass the defendants by increasing their litigation costs. Malicious lawsuits are abusive and "[a]buses of process . . . are to be sanctioned." Free v. United States, 879 F.2d 1535, 1536 (7th Cir. 1989). *See also* Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991). The court could sanction Mr. Spencer by directing the clerk to refuse to file any papers he submits in a civil case. *See* Support Sys. Int'l v. Mack, 45 F.3d 185, 186 (7th Cir. 1995). That is a very severe sanction and a court must consider alternatives before selecting a sanction. Hoskins v. Dart, 633 F.3d 541, 544 (7th Cir. 2011). Though a fine

commonly would be an appropriate sanction, "[m]onetary sanctions are generally not as effective against a *pro se* plaintiff proceeding as a pauper . . .." *Id.* Nevertheless, because Mr. Spencer is a prisoner, the PLRA requires that he pay the $350 filing fee over time. It also prohibits him from proceeding *in forma pauperis* in the future if he files three or more cases that are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A. This case is one of those three. Therefore, the court will not impose any additional sanctions at this time other than to admonish Mr. Spencer that if he again files a malicious lawsuit, he might be fined, sanctioned, or restricted.

For the foregoing reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: November 26 , 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court